**HON. ROBERT S. LASNIK**

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| JOSEPH ZACZYK, an individual, | |
| Plaintiff/Counterclaim Defendant, | NO. 2:25-cv-02628-RSL |
| v. | **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL** |
| AMANDA LEHMAN, an individual, and MANMAN STUDIOS, LLC, a limited liability company, | **NOTED FOR HEARING: FRIDAY, JUNE 5, 2026** |
| Defendants/Counterclaim Plaintiff. | |

## I.      INTRODUCTION

Washington's Uniform Public Expression Protection Act ("UPEPA"), ch. 4.105 RCW, provides an expedited process for dismissal of baseless lawsuits intended to deter constitutionally protected speech on matters of public concern. *Valve Corp. v. Bucher L. PLLC*, 34 Wn. App. 2d 727, 734, 571 P.3d 312, *rev. denied*, 5 Wn.3d 1022 (2025).  To accomplish of its purpose of protecting individuals from baseless claims, UPEPA provides that "all proceedings" between the parties, "including discovery," are automatically stayed pending resolution of an expedited motion to dismiss.  RCW 4.105.030(1)(a).  Here, notwithstanding

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

the statute's automatic stay provision, Plaintiff Joseph Zaczyk urges this Court to compel Defendant Amanda Lehman to answer discovery while her UPEPA motion remains pending.[1]

Whether federal courts sitting in diversity jurisdiction apply an anti-SLAPP procedural provision turns on whether that provision is in "direct conflict" with the Federal Rules. *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 972 (9th Cir. 1999) (applying the *Erie* doctrine). Relying on scant and inapposite authority, Zaczyk urges this Court to conclude that UPEPA's automatic stay provision cannot be applied by this Court due to a conflict with a Federal Rule of Civil Procedure—which one, Zaczyk does not exactly say. In any event, Zaczyk is wrong.

Here, however, as Zaczyk himself acknowledges, Lehman challenges only the **_legal sufficiency_** of his claims. Since *Metabolife*, the Ninth Circuit has clarified, in authority largely disregarded by Zaczyk, that courts must interpret anti-SLAPP provisions to avoid conflict with the Federal Rules. *Planned Parenthood Federation of America, Inc. v. Center for Medical Progress*, 890 F.3d 828, 833-34 (9th Cir. 2018). Thus, when an anti-SLAPP statute challenges the **_legal sufficiency_** of the pleadings, federal courts apply the Rule 12 standard, while a motion alleging **_factual insufficiency_** is analyzed under Rule 56, which requires that "discovery must be allowed." *Id.* at 834. However, the Court there held, because the Rule 12(b)(6) standard does not require discovery, the discovery-limiting aspect of California's anti-SLAPP statute does not conflict with the Federal Rules when only legal insufficiency is alleged. *Id.* at 834-35. Following *Planned Parenthood*, courts in both this District and multiple California districts consistently have ruled that anti-SLAPP provisions do not collide with the Federal Rules when

---

[1] Zaczyk filed this lawsuit against both Amanda Lehman and her limited liability company, ManMan Studios LLC. For ease of reference, this briefing refers to both as "Lehman."

DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL

Page 2 | No. 2:25-cv-02628-RSL

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

purely legal arguments are asserted—and they repeatedly have denied requests to conduct discovery in such circumstances.[2]

Because discovery under the Rule 12(b)(6) standard, the Court should conclude that UPEPA's automatic stay provision does not "directly collide" with the Federal Rules where Lehman has asserted only legal insufficiency.  Thus, the Court should rule that UPEPA's stay provision applies and deny Zaczyk's motion to compel.

## II.    STATEMENT OF FACTS

On December 19, 2025, Zaczyk sued Lehman for defamation premised upon Lehman's statements on social media and other internet fora describing her experience of meeting Zaczyk on an internet dating website, going out with Zaczyk on a date, and, ultimately, being raped by Zaczyk. Dkt. 1.  Lehman answered the complaint and asserted counterclaims for assault, sexual battery, and outrage on January 29, 2026.  Dkt. 5 at 8-9.  She further asserted that her statements are protected under UPEPA and, thus, that the "matter should be stayed pending resolution of Lehman's forthcoming special motion for expedited relief."  *Id*. at 9-10.  That same day, Lehman filed a Notice of Intent to File Special Motion for Expedited Relief, which stated: "Pursuant to RCW 4.105.030, all proceedings herein shall be stayed pending resolution of Defendants/Counterclaim Plaintiff's forthcoming Motion."  Dkt. 7.

Lehman filed her Special Motion for Expedited Relief & Dismissal under UPEPA on March 9, 2026.  Dkt. 18.  Four days later, the parties exchanged Initial Disclosures.  Again, Lehman noted that, pursuant to RCW 4.105.030, "all proceedings in this matter—'including discovery'—were stayed" upon filing of the Notice. Ex. 1 at 1-2.[3]  Lehman stated: "Defendants

---

[2] *See* citations, *infra* at 12.

[3] The Exhibits referenced herein are attached to the Declaration of Selena L. Hoffman in Support of Defendants' Response in Opposition to Plaintiff's Motion to Compel.

DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL

Page 3 | No. 2:25-cv-02628-RSL

**PFAU COCHRAN
VERTETIS AMALA**
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

provide these Initial Disclosures in good faith, without waiver of the stay mandated by RCW 4.105.030." Ex. 1 at 2.

Zaczyk served his first set of Interrogatories and Requests for Production to Defendants on March 26. Ex. 2. Consistent with her prior filings and disclosures, Lehman objected to the requests:

> Discovery is stayed pursuant to RCW 4.105.030(1)(a) ("[O]n the earlier of the giving of notice of intent to file a motion under RCW 4.105.020(1) or the filing of a motion under RCW 4.105.020(2) . . . *All other proceedings . . . including discovery* and a pending hearing or motion, are stayed") (emphasis added). *See also, e.g.*, Zaczyk's *Response to Special Motion for Expedited Relief & Dismissal* (Dkt. 19) at 13 ("Zaczyk Does Not Dispute That UPEPA Applies"). Lehman will respond to Zaczyk's discovery requests 30 days after the Court rules upon her *Special Motion for Expedited Relief & Dismissal* (Dkt. 18) and reserves all objections thereto.

Ex. 2. When Zaczyk served a second set of Interrogatories and Requests for Production on April 7, Lehman objected in the same language. Ex. 3. Zaczyk thereafter filed this motion to compel.

### III.    EVIDENCE RELIED UPON

Lehman relies on the Declaration of Selena L. Hoffman, the exhibits attached thereto, and the record on file in this matter.

### IV.    AUTHORITY

**A.    UPEPA's Automatic Stay Provision Does Not Conflict with FRCP 12(b)(6), and, thus, Federal Courts Apply the Provision When Legal Sufficiency is Challenged**

   1.    Washington's UPEPA Provides for an Automatic Stay of Discovery Pending Resolution of a Special Motion for Expedited Relief

The Washington Legislature enacted UPEPA to provide "for early adjudication of baseless claims aimed to preventing an individual from exercising the constitutional right of free speech." *Jha v. Khan*, 24 Wn. App. 2d 377, 387, 520 P.3d 470 (2022). UPEPA applies to actions known as "SLAPPs"—strategic lawsuits against public participation—"'that

DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL

Page 4 | No. 2:25-cv-02628-RSL

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

masquerade as ordinary lawsuits but are intended to deter ordinary people from exercising their political or legal rights or to punish them for doing so.'" *Valve Corp.*, 34 Wn. App. 2d at 734 (quoting *Planet Aid, Inc. v. Reveal*, 44 F.4th 918, 923 (9th Cir. 2022)).  Its provisions "must be broadly construed and applied" to safeguard the exercise of constitutionally protected speech. RCW 4.105.901.

UPEPA provides for a "special motion for expedited relief" for early adjudication of claims intended to deter free speech.  RCW 4.105.020.  To obtain early dismissal, the moving party must first show that UPEPA applies to the cause of action.  RCW 4.105.060(1)(a).  The burden then shifts to the responding party to establish that a statutory exception applies.  RCW 4.105.060(1)(b).  If no exception applies, the court "shall dismiss with prejudice" the cause of action if either

> (i) The responding party fails to establish a prima facie case as to each essential element of the cause of action; or
> (ii) The moving party establishes that:
> (A) The responding party failed to state a cause of action upon which relief can be granted; or
> (B) There is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. . . .

RCW 4.105.060(1)(c).

Consistent with UPEPA's intent of protecting defamation defendants from the expense and harassment inherent in defending against baseless SLAPP claims, the statute provides that, upon the filing of a special motion or notice of intent to so file, "[a]ll other proceedings between the moving party and responding part, including discovery and a pending hearing or motion, are stayed."  RCW 4.105.030(1)(a).

DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL

Page 5 | No. 2:25-cv-02628-RSL

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

2.    Anti-SLAPP Statutes are Interpreted to Avoid Conflict with the Federal Rules and No Discovery is Required Where Only Legal Sufficiency is Challenged

"The degree to which anti-SLAPP provisions are consistent with the Federal Rules of Civil Procedure has been hotly disputed." *Planned Parenthood*, 980 F.3d at 833; *see Hanna v. Plumer*, 380 U.S. 460, 473, 85 S.Ct. 1136, 4 L.Ed.2d 8 (1965) (under the *Erie* doctrine, federal courts sitting in diversity apply state law to substantive matters and federal law to procedural matters). Nevertheless, for more than twenty-five years, the Ninth Circuit consistently has held that provisions of anti-SLAPP statutes may properly be applied in federal court. *Newsham*, 190 F.3d at 972 (no "direct collision" exists between California's anti-SLAPP motion to strike and fee shifting provisions and Federal Rules 8, 12, or 56). Since that time, the Court has steadfastly maintained that position. *Core Civic Inc. v. Candide Grp., LLC*, 46 F.4th 1136, 1140-41 (9th Cir. 2022); *Herring Network, Inc. v. Maddow*, 8 F.4th 1148, 1155-56 (9th Cir. 2021); *Planned Parenthood*, 890 F.3d at 832-35; *Makaeff v. Trump University, LLC*, 736 F.3d 1180, 1182 (9th Cir. 2013) ("*Makaeff II*"); *Makaeff v. Trump University, LLC*, 715 F.3d 254 (9th Cir. 2013) ("*Makaeff I*").

The Ninth Circuit has never addressed Washington's UPEPA. However, the Court's analysis in *Planned Parenthood* resolves the question here. There, the Court addressed whether the motion to strike provision in California's anti-SLAPP statute conflicted with the Rules and, thus, would run afoul of *Erie* if applied in federal courts. *Planned Parenthood*, 57 F.Supp.2d at 832-35. California's motion to strike procedure requires the plaintiff to establish "a probability that the plaintiff will prevail on the claim" in order to defeat the motion. Cal.Civ.Proc.Code § 425.16(b)(1). Thus, the motion must be "granted when a plaintiff presents an insufficient legal basis for his or her claims *or* when no sufficiently substantial evidence exists to support a judgment for him or her." *Planned Parenthood*, 890 F.3d at 833. Relying

DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

Page 6 | No. 2:25-cv-02628-RSL

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

on its previous holding in *Metabolife* that the statute's "automatic stay on discovery" conflicted with Rule 56 and thus "was inapplicable in federal court," the Court reasoned that "[r]equiring the presentation of evidence without accompanying discovery would improperly transform the motion to strike under the anti-SLAPP law into a motion for summary judgment without providing any of the procedural safeguards that have been firmly established by the Federal Rules of Civil Procedure." *Id.* at 833-34.

The Court thus interpreted the California statute to avoid conflict with the Federal Rules:

> "If a defendant makes an anti-SLAPP motion to strike founded on purely legal arguments, then the analysis is made under Fed. R. Civ. P. 8 and 12 standards; if it is a factual challenge, then the motion must be treated as though it were a motion for summary judgment and discovery must be permitted."

*Id.* at 833 (quoting *Z.F. v. Ripon Unified Sch. Dist.*, 482 Fed. Appx. 239, 240 (9th Cir. 2012)). Thus, when a defendant asserts only legal insufficiency of the pleadings, the plaintiff defending against the anti-SLAPP motion need not "submit evidence to oppose contrary evidence that was never presented by" the defendant. *Id.* at 834. However, "when an anti-SLAPP motion to strike challenges the factual sufficiency of a claim, then the Federal Rule of Civil Procedure 56 standard will apply" and "discovery must be allowed." *Id.* at 834.

Zaczyk disregards the Court's decision in *Planned Parenthood*, suggesting instead that the holding in *Metabolife* is dispositive. Zaczyk is incorrect. In *Metabolife*, the Ninth Circuit addressed whether the California district court had erred in not permitting discovery prior to ruling on an anti-SLAPP motion to strike that challenged the ***factual sufficiency*** of the claims. 264 F.3d at 845. The Court held that, where factual insufficiency was alleged, the provision "directly collided" with Rule 56 and, thus, could not be applied. *Metabolife*, 264 F.3d at 846 ("Section 425.16 limits discovery and makes further discovery an exception, rather than the rule. Rule 56 does not limit discovery. On the contrary, it ensures that adequate discovery will

DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL

Page 7 | No. 2:25-cv-02628-RSL

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

occur before summary judgment is considered."). *See also Rogers Home Shopping Network, Inc.*, 57 F.Supp.2d 973, 980 (C.D. Cal. 1999) ("If [California's anti-SLAPP] expedited procedure were used in federal court **to test the plaintiff's evidence before the plaintiff has completed discovery**, it would collide with Federal Rule of Civil Procedure 56.") (emphasis added).

Perhaps cognizant that *Metabolife* does not apply, Zaczyk claims—without citation to authority—that "[i]t makes no difference whether the defendant files their UPEPA motion under Federal Rule 12(b)(6) or 56." Mot. at 6. The Ninth Circuit disagrees. *See, e.g., Herring Networks*, 8 F.4th at 1155 ("motions that challenge the legal sufficiency of complaints" are "analyzed pursuant to Rule 12"); *Planned Parenthood*, 890 F.3d at 833-34 (to avoid conflict with the Federal Rules, the Court "review[s] anti-SLAPP motions to strike under different standards depending on the motion's basis"). Indeed, the Court has warned against attempts "to blur these two categories by implanting the procedural requirements of Rule 56 into a Rule 12(b)(6) analysis." *Herring Networks*, 8 F.4th at 1156. This Court similarly should reject Zaczyk's attempt to do so here.

3. <u>UPEPA's Stay Provision Does Not Conflict with the Federal Rules When Only Legal Sufficiency is Challenged</u>

To determine whether UPEPA's automatic stay provision applies here, the Court must evaluate whether applying the provision "would result in a 'direct collision' with the Federal Rules." *Newsham*, 190 F.3d at 963. It would not. Lehman here challenges the legal sufficiency of Zaczyk's complaint. *See, e.g.*, Dkt. 21 at 13 (asserting that the claims should be dismissed because, "as a matter of law, the statements identified in [the] complaint are nonactionable opinion"). Zaczyk himself acknowledges this. Dkt. 19 at 8 ("Defendants only attack the legal sufficiency of the Complaint."). Accordingly, Lehman's motion to dismiss must be considered

DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL

Page 8 | No. 2:25-cv-02628-RSL

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

under the Rule 12(b)(6) standard. *Planned Parenthood*, 890 F.3d at 833. Under this standard, discovery is not required to determine the sufficiency of the pleadings. Applying UPEPA's automatic stay provision thus would not "directly interfere with the operation" of the applicable Rule. *See Newsham*, 190 F.3d at 972. Unlike in *Metabolife*, there is no conflict here.

"In the absence of a 'direct collision' between a state enactment and the Federal Rules," the Court makes "the 'typical, relatively unguided *Erie* choice.'" *Newsham*, 190 F.3d at 973 (quoting *Hanna*, 380 U.S. at 471). That analysis compels the conclusion that the automatic stay provision applies in federal courts where, as here, the UPEPA motion challenges only the legal sufficiency of the complaint. As with California, Washington "has articulated the important, substantive state interests further by [UPEPA]," and there is no federal interest undermined by the expedited dismissal of claims intended to deter constitutionally protected speech. *Newsham*, 190 F.3d at 973. This is true, too, of the statute's automatic stay provision. Abusing the litigation process to inflict discovery on the basis of meritless claims is one means through which a plaintiff intending to deter protected speech can do so; discovery not only can impose a substantial financial burden, but also can serve to harass the defendant who sought to exercise her constitutionally protected rights.[4] Finally, as the Court held in *Newsham*, "the twin purposes of the *Erie* rule—'discouragement of forum-shopping and avoidance of inequitable administration of the law'—favor application" of anti-SLAPP statutes in federal courts. 190 F.3d at 973 (quoting *Hanna*, 380 U.S. at 468). Accordingly, UPEPA's automatic stay provision must be applied where, as here, the motion to dismiss asserts purely legal arguments.

---

[4] Use of the discovery process to harass is apparent here, where Zaczyk seeks to force Ms. Lehman to disclose every person she has "dated or with whom [she has] had a romantic or sexual relationship since May 29, 2023, including the length and nature of any such relationship." Ex. 3 at 13. This highly personal information is irrelevant to whether Lehman's statements about her experience with Zaczyk constitute defamatory fact.

DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL

Page 9 | No. 2:25-cv-02628-RSL

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

Zaczyk nevertheless urges this Court to "implant[] the procedural requirements of Rule 56 into a Rule 12(b)(6) analysis." *Herring Networks*, 8 F.4th at 1156. Such a maneuver would contravene *Planned Parenthood*'s mandate that anti-SLAPP statutes be interpreted to eliminate conflict with the Federal Rules and would undermine the "important, substantive state interests further by [UPEPA]," *Newsham*, 190 F.3d at 973, including the statute's conferral of the right to expedited dismissal of baseless claims without unnecessary expense and delay. The Court should decline Zaczyk's invitation to apply *Metabolife*, which involved an anti-SLAPP motion asserting factual insufficiency of claims, to preclude application of UPEPA's automatic stay provision here, where Lehman challenges only legal sufficiency of the pleadings.[5]

Zaczyk also falsely claims that "courts have unanimously" concluded that anti-SLAPP discovery stay provisions do not apply in federal courts. Not so. In misrepresenting the weight of pertinent authority, Zaczyk fails to cite numerous rulings in both the Western District of Washington and California district courts that distinguish between anti-SLAPP motions alleging ***factual insufficiency*** and those challenging the ***legal insufficiency***. Applying *Planned Parenthood*'s holding, these courts consistently have ruled that anti-SLAPP provisions do not conflict with the Federal Rules when the defendant seeks dismissal solely on the basis of legal insufficiency, and when such motions are pending, repeatedly have denied plaintiffs' requests

---

[5] The Court should decline to adopt the reasoning of other authority cited by Zaczyk for the same reason. As in *Metabolife*, the district court in *Clark v. Whitepages, Inc.*, did not address whether an automatic discovery stay provision conflicts with Rule 12(b)(6). 816 F.Supp.3d 1249, 1252-53 (W.D. Wash. 2026). The court instead simply recognized *Metabolife*'s holding that such provisions, because they "'limit[] discovery and make[] further discovery an exception, rather than the rule,'" conflict with Rule 56, "which 'does not limit discovery,' but rather 'ensures that adequate discovery will occur before summary judgment is considered.'" *Clark*, 816 F.Supp.3d at 1252 (quoting *Metabolife*, 264 F.3d at 846). Again, such reasoning is inapplicable when the moving party asserts only legal insufficiency. Further, there, the moving party presented "no substantive argument" that *Metabolife* did not apply, and the court recognized that it was confined to "the record before it." *Clark*, 816 F.Supp.3d at 1253.

DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL

Page 10 | No. 2:25-cv-02628-RSL



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

to conduct discovery.[6] *Albustani v. Alger*, C22-5238JLR, 2022 WL 3213331 (W.D. Wash. Aug. 9, 2022) (evaluating UPEPA motion to dismiss under Rule 12(b)(6) where discovery had not been conducted); *Project Veritas v. Leland Stanford Junior Univ.*, C21-1326 TSZ, 2022 WL 1555047 (W.D. Wash. May 17, 2022) (interpreting UPEPA to avoid conflict with the Rules and granting motion, prior to discovery, asserting that allegedly defamatory statements were nonactionable opinion); *Mogan v. Airbnb, Inc.*, 2:23-cv-00174-SB-JC, 2023 WL 3841742 (C.D. Cal. Mar. 24, 2023) (denying request to conduct discovery despite automatic stay of anti-SLAPP statute where "the anti-SLAPP motion [was] dispositive based on legal deficiencies in the complaint that could not be remedied with additional factual allegations"); *Nunes v. Meredith*, 1:21-cv-00078-JLT-BAM, 2022 WL 2214205 (E.D. Cal. June 21, 2022) (denying motion for leave to conduct discovery under anti-SLAPP automatic stay provision; "[u]nder a 12(b)(6) standard, discovery is not required to determine the sufficiency of the pleadings"); *Todd v. Lovecruft*, 19-cv-01751-DMR, 2020 WL 60199 (N.D Cal. Jan. 6, 2020) (legal challenges, evaluated under a Rule 12 analysis, may precede discovery, but courts must permit discovery under Rule 56 when factual insufficiency is alleged); *Weiland Sliding Doors & Windows, Inc. v. Panda Windows & Doors, LLC*, No. 10CV677 JLS (AJB), 2010 WL 3911477 (S.D. Cal. Oct. 4, 2010) (denying request for discovery on anti-SLAPP claim; where the motion challenged only the legal sufficiency, there was "no need to consider evidence beyond the pleadings").

---

[6] One outlier in this regard, and one of the only cases cited by Zaczyk, is *Button v. Jimison*, 3:25-cv-05622-DGE, 2025 WL 2958545 (W.D. Wash. Oct. 17, 2025). The Court there stated that there is a "direct collision between UPEPA and the federal civil rules with respect to the procedural consequences of filing a Rule 12(b)(6) type motion." *Button*, 2025 WL 2958545 at *1. There, however, the Court was addressing not a stay of discovery, but a request by the plaintiffs to strike the defendant's answer. *Id.* at *1. The Court declined to stay its resolution of the motion to strike but permitted the defendant to file an amended answer. *Id.* at *2. The Court did not address the Ninth Circuit's decision in *Planned Parenthood*.

DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL

Page 11 | No. 2:25-cv-02628-RSL

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

This Court should rule, in light of *Planned Parenthood* and consistent with the weight of the pertinent persuasive authority, that UPEPA's automatic stay provision does not run afoul of *Erie* when a defamation defendant seeks dismissal solely based on legal challenges. Because discovery is not required under Rule 12 to determine the sufficiency of the pleadings, the Court should apply RCW 4.105.030 in these circumstances and, accordingly, deny Zaczyk's motion to compel.[7]

### B. Lehman Neither "Waived" Nor is "Estopped from Asserting" Her Rights Under the UPEPA

Zaczyk further claims that, even if UPEPA's automatic stay provision applies, Lehman has either "waived" or is "estopped from asserting" UPEPA's discovery stay. According to Zaczyk, Lehman's agreement to the Discovery Plan and her production of some documents with her Initial Disclosures nullifies the automatic stay provision. Zaczyk cites no authority for the proposition that UPEPA's protections can be nullified in this manner. His assertion is both contrary to the facts and unsupported by law.

Zaczyk claims that Lehman has "changed course" throughout this litigation, only now asserting that UPEPA's stay provision applies. This is ***patently false***. Since filing her Answer & Counterclaims, Lehman consistently has asserted that discovery is stayed under UPEPA's automatic stay provision. Dkt. 5. *See also* Dkt. 7 (Notice of Intent); Dkt. 16 (Discovery Plan); Ex. 1 (Initial Disclosures); Ex. 2 (April 28 discovery responses); Ex. 3 (May 7 discovery responses). Contrary to Zaczyk's contention, neither the Discovery Plan nor Lehman's Initial Disclosures precludes application of UPEPA's automatic stay provision. The Discovery Plan

---

[7] Zaczyk cursorily suggests that UPEPA's automatic stay provision conflicts with Rule 26(d)(1) and Rule 1. Mot. at 9. However, nowhere does he attempt to apply the requisite analysis to determine whether a "direct collision" exists between the provision and any Federal Rule. Plainly, the Rules identified by Zaczyk do not preclude application of RCW 4.105.030(1)(a), as both Rules can be applied alongside that provision.

DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL

Page 12 | No. 2:25-cv-02628-RSL



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

simply states that the parties at that time did not propose discovery limitations beyond those in the applicable Rules.  Further, in Lehman's Initial Disclosures, she expressly asserted that "[p]ursuant to RCW 4.105.030, "all proceedings in this matter—'including discovery'—were stayed" upon service of her intent to file a UPEPA motion.  Lehman further stated: "Defendants provide these Initial Disclosures in good faith, *without waiver of the stay mandated by RCW 4.105.030*."  Lehman's production of some documents within her possession does not indicate, as Zaczyk claims, a "change of course."  Mot. at 11.  Thus, even if Lehman could "waive" a provision of UPEPA, she has not done so here.[8]

Significantly, Zaczyk cites no authority for the proposition that UPEPA's protections can be "waived" in this manner.  Indeed, such a result would contravene the statutory mandate that "all proceedings" between the parties, including discovery, are automatically stayed by "the earlier of the giving notice of intent to file" or "the filing of a [UPEPA] motion."  RCW 4.105.030(1)(a).  Nor can Zaczyk show reliance to his detriment based on his own production of documents.  *See* Mot. at 11.  Lehman's UPEPA motion, which seeks dismissal only on legal grounds, does not rely on any of the documents produced.  Further, the statute stays discovery only until the Court rules on the UPEPA motion.  Following the Court's ruling, Lehman will appropriately respond to discovery requests.[9]

## C.      Zaczyk is Not Entitled to His Expenses in Bringing this Motion

When a motion to compel is granted, the Court requires the opposing party "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," except

---

[8] This language was included in an abundance of caution; Lehman has not taken the position that the statutory provision can be "waived" in this manner.

[9] Zaczyk suggests that UPEPA's discovery stay is futile here because Lehman has asserted counterclaims.  Mot. at 10.  Not so.  The scope of relevant discovery will be determined by the Court's ruling on Lehman's UPEPA motion.  Zaczyk cites no authority indicated that UPEPA's stay provision applies only when no counterclaims are asserted.

DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL

Page 13 | No. 2:25-cv-02628-RSL



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

that, as relevant here, "the court must not order this payment if . . . the opposing party's nondisclosure, response, or objection was substantially justified." Fed. R. Civ. P. 37(a)(5)(A). As evidenced by the authorities cited, Lehman is substantially justified in asserting that the automatic stay provision applies here, where she contests only the legal sufficiency of Zaczyk's claims. C. Wright and A. Miller, *Federal Practice and Procedure* §2288 ("opposing a motion [is] substantially justified if the motion raised an issue about which reasonable people could genuinely differ"). Thus, even if the Court grants Zaczyk's motion to compel—and it should not—the Court must decline to grant an award of expenses to Zaczyk. Fed. R. Civ. P. 37(a)(5)(A).

## V.    CONCLUSION

Lehman's UPEPA motion, which challenges only the legal sufficiency of the pleadings, must be considered under the Rule 12(b)(6) standard. Because discovery is not required under this standard, there is no "direct collision" between UPEPA's automatic stay provision and the applicable Rule. Thus, the provision applies in this federal diversity lawsuit. Zaczyk's motion to compel discovery is ill-founded. Both his motion and request for an award expenses should be denied.

RESPECTFULLY SUBMITTED this 29th day of May, 2026.

*I certify that this memorandum contains 4,171 words, in compliance with the Local Civil Rules.*

PFAU COCHRAN VERTETIS AMALA PLLC

By /s/ Selena L. Hoffman
Darrell L. Cochran, WSBA No. 22851
Ian M. Bauer, WSBA No. 35563
Selena L. Hoffman, WSBA No. 43301
Cortney M. Feniello, WSBA No. 57352
*Attorneys for Defendants & Counterclaim Plaintiff Amanda Lehman and MANMAN Studios, LLC*



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

**CERTIFICATE OF SERVICE**

I, **Casey Reyes deVenecia,** hereby declare under penalty of perjury under the laws of the United States of America that I am employed at Pfau Cochran Vertetis Amala PLLC and that on today's date, I placed for service the foregoing via **CM/ECF** in compliance with Fed. R. Civ. P.5(b)(2)(E) and LCR 5(b) by directing delivery to the following individuals:

Andrew R. Escobar
Seyfarth Shaw LLP
999 Third Avenue, Suite 4700
Seattle, Washington 98104-4041
aescobar@seyfarth.com

Charles S. Wittmann-Todd
Timothy B. Fitzgerald
McNaul Ebel Nawrot & Helgren PLLC
600 University Street, Suite 2700
Seattle, WA 98101-3143
cwittmanntodd@mcnaul.com
tfitzgerald@mcnaul.com

*Attorneys for Plaintiff/Counterclaim Defendant Joseph Zaczyk*

Chantal Y. Peters
Eden E. Goldman
Burger, Meyer & D'Angelo, LLP
1000 2nd Ave., Suite 3200
Seattle, WA 98104
cpeters@burgermeyer.com
egoldman@burgermeyer.com

*Co-Counsel for Defendants Amanda Lehman and MANMAN Studios. LLC*

DATED this 29th day of May, 2026.

/s/ Casey Reyes deVenecia
Casey Reyes deVenecia
Legal Assistant

DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL

Page 15 | No. 2:25-cv-02628-RSL



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654