Hon. Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH ZACZYK, an individual,

        Plaintiff/Counterclaim
Defendant,

    v.

AMANDA LEHMAN, an individual, and
MANMAN STUDIOS LLC, a limited
liability company,

        Defendants/Counterclaim
Plaintiff.

No. 2:25-cv-02628-RSL

REPLY IN SUPPORT OF
PLAINTIFF'S MOTION TO
COMPEL

## I. REPLY ARGUMENT

Every court in this District to consider the question has held that UPEPA's automatic discovery stay does not apply in federal court, regardless of whether a pending motion is analyzed under Federal Rule 12 or 56. Defendants cite no case holding otherwise. That alone weighs heavily in favor of the instant Motion.

Indeed, the Federal Rules proscribe the timing and scope of permissible discovery in federal proceedings. Because the UPEPA stay of discovery directly conflicts with that framework, that stay gives way to federal procedure under the *Erie* Doctrine. That is the beginning and end of the instant Motion.

The posture here is also important. Lehman filed counterclaims in which she accuses Zaczyk of raping her. Defendants then told Zaczyk and the Court there would be

REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO
COMPEL (Case No. 2:25-cv-02628-RSL) – Page 1

McNaul Ebel PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

no limitations on discovery. They produced hundreds of documents as part of their initial disclosures and then filed a UPEPA motion relying on evidence outside the complaint, along with inapplicable legal standards drawn from cases decided on summary judgment – i.e., cases in which the non-moving party had a right to conduct the very type of discovery Defendants now oppose.

But when Zaczyk served discovery requests aimed at Lehman's baseless factual allegations and arguments, Defendants acted as if these preceding events had never occurred. For the first time, and when asked in discovery to substantiate their baseless allegations, UPEPA's automatic stay suddenly applied in this federal proceeding. That inconsistent (and incorrect) position has brought this case to a halt. Discovery has now been delayed for months and the case schedule has been derailed. The Court should grant the instant Motion and require Defendants to comply with their discovery obligations so this case can finally get back on track.

## A.       UPEPA's Automatic Discovery Stay Conflicts with Multiple Federal Rules and Does Not Apply

The approach to automatic stays imposed by UPEPA (and similar anti-SLAPP laws) is well settled: "discovery-limiting" aspects of a state anti-SLAPP law "collide with the discovery-allowing aspects of Rule 56" and "cannot apply in federal court." *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001). This is because "[w]hen a state procedural rule conflicts with a Federal Rule of Civil Procedure, the Federal Rule generally controls." *Rogers v. Home Shopping Network, Inc.*, 57 F. Supp. 2d 973, 982 (C.D. Cal. 1999).

As explained in the opening motion, this clear direction has been consistently applied regardless of whether a UPEPA motion is analyzed under Rule 12 or Rule 56. *See* Dkt. 23 at 6-9. This conclusion is supported by authority in this District and by Ninth Circuit precedent addressing anti-SLAPP discovery stays. *Id*. This District's recent

REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL (Case No. 2:25-cv-02628-RSL) – Page 2

decision in *Button v. Jimison* is directly on point. There, the Defendant provided a notice of intent to file a UPEPA motion, and the court addressed UPEPA's automatic stay in the context of "[d]efendant's forthcoming motion for special expedited relief under UPEPA." No. 25-cv-05622, 2025 WL 2958545, at *1 (W.D. Wash. Oct. 17, 2025). The Court then analyzed the UPEPA motion under Federal Rule 12(b)(6). *Id.* The Court concluded that UPEPA's stay of discovery conflicted with that Rule and therefore did not apply. *Id.* ("[T]here is a direct collision between UPEPA and the federal civil rules with respect to the procedural consequences of filing a Rule 12(b)(6) type motion.").

In so ruling, the court explained that "[u]nder the federal rules, neither notice of intent to file a motion to dismiss under Rule 12(b)(6) nor the actual filing of such a motion will automatically stay discovery, pending hearings, motions or any other proceedings in federal court." *Id*. (citing *Metabolife*, 264 F.3d at 846). The point is simple: Under the Federal Rules, there is no special procedural magic to filing a motion to dismiss. UPEPA's stay of "all proceedings" thus conflicts with the Federal Rules. Defendants have no meaningful response to this fatal flaw in their argument.

To the contrary, Defendants would alter this settled law. They now argue that, because they brought their UPEPA motion under Rule 12, a stay of all discovery cannot present any conflict with the Federal Rules. Dkt. 25 at 2. Defendants rely heavily upon *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828 (9th Cir. 2018), but *Planned Parenthood* did not address whether an automatic stay conflicts with Rule 12, nor did it analyze whether a stay would remain in place *after* a Rule 12 motion had been fully briefed (as is the case here). Instead, the *Planned Parenthood* court analyzed whether the district court had "err[ed] in declining to evaluate the factual sufficiency of the complaint at the pleading stage." *Id.* at 835. *Planned Parenthood* stands for the unremarkable proposition that discovery must be allowed if there is a factual

REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL (Case No. 2:25-cv-02628-RSL) – Page 3

challenge to the complaint under Rule 56 – not that an automatic stay presents no conflict with the Federal Rules in any other circumstance.

Defendants' secondary cases do not support them either. In *Project Veritas v. Leland Stanford Junior Univ.*, the court merely denied a request to convert a UPEPA motion into one for summary judgment based on a dispute as to whether certain documents could be judicially noticed. 21-cv-1326, 2022 WL 1555047, *5 (W.D. Wash. May 17, 2022). *Albustani v. Alger* is equally inapplicable, as there, the issue was whether a declaration submitted by the defendant compelled the court to apply a summary judgment standard (it did not). 22-cv-5238, 2022 WL 3213331, *3-4 (W.D. Wash. Aug. 9, 2022). In *Mogan v. Airbnb Inc.*, the issue was moot because the court would have barred discovery in any event. 23-cv-00174, 2023 WL 3841742, at *2 (C.D. Cal. Mar. 24, 2023).

In *Nunes v. Meredith*, the court cited *Planned Parenthood* in noting that "Ninth Circuit precedent establishes that this provision, along with the other limited discovery aspects of § 425.16 contradicts the federal rules." 21-cv-00078, 2022 WL 2214205, at *4 (E.D. Cal. June 21, 2022). In *Todd v. Lovecruft*, the parties had explicitly waived their rights to discovery. 19-cv-01751, 2020 WL 60199, at *9 (N.D. Cal. Jan. 6, 2020). In *Weiland Sliding Doors & Windows, Inc. v. Panda Windows & Doors, LLC*, the Court determined under Rule 56(f) that discovery was not essential because the motion turned solely on whether certain letters were privileged. 10-cv-677, 2010 WL 3911477, at *1 (S.D. Cal. Oct. 4, 2010). In sum, none of these cases address the issue before this Court— whether UPEPA's automatic stay of all proceedings conflicts with the Federal Rules.

Because the Federal Rules are designed to facilitate the swift resolution of cases on the merits, s*ee* FRCP 1, 26(c), 26(d), and because discovery stays in federal court are not automatic, the Federal Rules require any party seeking such a stay to *affirmatively seek* that relief through a motion for a protective order. Dkt. 23 at 9-10. UPEPA's *automatic* stay of discovery is thus in direct conflict with the Federal Rules. *See, e.g., Clark v.*

REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO
COMPEL (Case No. 2:25-cv-02628-RSL) – Page 4

*Whitepages, Inc.*, 816 F. Supp. 3d 1249, 1252-53 (W.D. Wash. 2026) ("[D]iscovery-limiting aspects of anti-SLAPP statutes do not apply in federal court.") (citing and quoting *Metabolife*, 264 F.3d at 845).

Moreover, as part of their quest to avoid discovery, Defendants grossly mischaracterize their own UPEPA motion, simply glossing over the fact that they have asked this Court to apply summary judgment standards – rather than Rule 12 standards – when analyzing that motion. Indeed, while Defendants now claim they attack only the "legal sufficiency" of the Complaint, their opening UPEPA motion relied heavily on their own answer to the Complaint, which is clearly improper under Rule 12(b), Dkt. 19 at 9, and also attempted to leverage evidence outside the complaint—such as handpicked articles—to provide "context" (i.e., to raise issues of fact) regarding Lehman's state of mind. Dkt. 18 at 17-18; Dkt. 19 at 22-23.

Because their UPEPA motion turns upon these and other assertions of supposed "fact," Defendants relied heavily upon state law standards governing summary judgment. Plaintiff has already detailed why, even under the cases cited by Defendants, the Court cannot possibly grant such a motion without at least allowing him to take discovery. Dkt. 19 at 10 (Defendants' improper attempt to impose Washington's heightened summary judgment standard on a Rule 12(b) motion), at 19 (explaining that *Carter v. Jones* is inapplicable to Defendants Rule 12(b) motion because that case was decided on summary judgment, after the completion of discovery).

In support of their UPEPA motion, Defendants also argued that Zaczyk was required to make a prima facie case of "specific, material facts, rather than conclusory statements, that would allow a jury to find that each element of defamation exists." Dkt. 21 at 3 (quoting *LaMon v. Butler*, 112 Wn.2d 193, 197, 770 Pl.2d 1027 (1989) (decided on summary judgment)). Defendants explicitly argued that Rule 12(b), which analyzes the complaint alone, did not solely apply to their UPEPA motion, and insisted that the Court

REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO
COMPEL (Case No. 2:25-cv-02628-RSL) – Page 5

McNaul Ebel pllc
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

"must look to Lehman's ***actual statements***, as well the ***totality of the circumstances surrounding those statements***, in doing so – ***not*** to Zaczyk's own improperly decontextualized characterizations of those statements." Dkt. 21 at 4 (emphasis in original). Respectfully, this is not a mere challenge to the "legal sufficiency" of Plaintiff's complaint

Finally, Defendants pursue counterclaims for torts that are unquestionably outside the scope of their UPEPA motion. *See* Dkt. 23 at 10. Thus, regardless of the Court's ruling on the UPEPA motion, Defendants' counterclaims would remain. Defendants do not (and cannot) dispute this, and have made no persuasive argument as to why Plaintiff is not entitled to discovery or to develop a factual record with respect to those counterclaims. These counterclaims also undermine Defendants' claims about efficiency and fairness. Lehman is suing Zaczyk for rape (despite claiming, in her UPEPA motion that her rape allegation was simply an "opinion"). Regardless of what happens regarding the UPEPA motion, this case will continue, and discovery will be the same.

**B.    Defendants Waived and are Judicially Estopped From Asserting Any Stay of Discovery**

In the Discovery Plan, Defendants represented that there would be no special limitations on discovery, Dkt. 16, which is directly inconsistent with their current position that discovery is stayed under UPEPA. Defendants produced hundreds of pages of cherry-picked documents in discovery, and when asked for the remaining balance of the evidence in discovery, took the position that all other discovery is stayed. Even if the UPEPA discovery stay applied in these federal proceedings (it does not), this is a textbook example of waiver, which is the voluntary or intentional relinquishment of a known right. Dkt. 23 at 11.[1]

---

[1] Defendants claim they cannot waive this right, but in the case they cite in their brief, *Todd*, such a waiver occurred. 2020 WL 60199, at *9.

REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO
COMPEL (Case No. 2:25-cv-02628-RSL) – Page 6

MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

It is also judicial estoppel. Defendants would limit discovery in their favor, as presumably, they will object to *any* discovery (including third party discovery) from moving forward. As such, they would obtain a tactical advantage by forestalling further investigation into the scope of their defamation and into the veracity of their counterclaims. Moreover, Plaintiff relied on their representations in agreeing to the proposed case schedule and trial date. If Plaintiff had known that Defendants would try to gum up discovery for months on end, they would have brought the issue to the Court in the first instance. This is not permitted under the Rules and the Court should estop Defendants from using the UPEPA stay as both a sword and a shield.

## C.    There Is No Other Reason to Stay Discovery

Defendants do not dispute that if they wished to stay discovery, they were required to seek that relief affirmatively through a motion or protective order. Dkt. 23 at 9-10. They make no attempt in their response to do so, and no reasons exist.

## D.    Plaintiff Is Entitled to His Reasonable Expenses in Bringing This Unnecessary Motion

Defendants argue that their refusal to engage in discovery is "substantially justified" because they challenge only "the legal sufficiency of Zaczyk's claims." Dkt. 25 at 14. Even if that were correct (it is not), Defendants' objection is not substantially justified in light of the weight of authority in this District (which was shared with their counsel before Plaintiff filed this Motion). *See Cruz v. Nike Retail Servs., Inc.,* 346 F.R.D. 107, 114 (S.D. Cal. 2024) (finding party's failure to provide discovery based on an "automatic stay" was not substantially justified where the law was "uniformly against defendant."). Plaintiff is entitled to his reasonable fees and costs in bringing this unnecessary motion.

REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL (Case No. 2:25-cv-02628-RSL) – Page 7

MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

## II. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court grant the relief requested in the Motion.

I certify that this memorandum contains 2,096 words, in compliance with the Local Civil Rules.

DATED this 5th day of June, 2026.

McNAUL EBEL PLLC

By: s/ Charles Wittmann-Todd
     Timothy B. Fitzgerald, WSBA No. 45103
     Charles Wittmann-Todd, WSBA No. 54229

     600 University Street, Suite 2700
     Seattle, Washington 98101
     Phone: (206) 467-1816
     Fax:   (206) 624-5128
     Email: tfitzgerald@mcnaul.com
          cwittmanntodd@mcnaul.com

SEYFARTH SHAW LLP

     Andrew Ramiro Escobar, WSBA No. 42793
     999 Third Ave, Ste 4700
     Seattle, WA 98104
     Phone: 206-946-4910
     Email: aescobar@seyfarth.com

*Attorneys for Plaintiff/Counterclaim Defendant*